BAILEY *v.* FRITZ.

Opinion delivered May 27, 1905.

EVIDENCE—HEARSAY.—Where a plaintiff sued M. & B. upon a note signed by M. alone, alleging that the defendants were partners, and that the note represented a partnership debt, a statement by M. made in B.'s absence, to the effect that B. was a partner and jointly liable, is inadmissible.

Appeal from Ashley Circuit Court.

ZACHARIAH T. WOOD, Judge.

Reversed.

*Robt. E. Craig.* for appellant.

The manner in which plaintiff conducted his case was error. 1 Black, Judg. 14, 106, 142, 183, 186. The judgment must follow the verdict, and be in entirety. 1 Black, Judg. 211; 12 Am. & Eng. Enc. Law, 83; 37 Ark. 548. It was error to instruct the jury that there could be no dissolution of the partnership until actual notice had been given. 26 Am. Dec. 290; 18 Am. St. 907; Story, Part. § 161.

*Geo. W. Norman,* for appellees.

When it is shown that only one party is liable, the verdict as to him will stand, and be dismissed as to the other. 88 Ga. 54.

The trial court's findings will not be reversed when they conform to the evidence in the case.   62 Ark. 262.

BATTLE, J.  Fritz Brothers brought this action against R. J. McBride and H. F. Bailey on a promissory note, which is as follows:

"$237.25.                    Montrose, Ark., Nov. 22, 1900.

"February 1st after date I promise to pay to the order of Fritz Bros. two hundred and thirty-seven and 25-100 dollars, at Ashley Co. Bank, Arkansas, value received.

[Signed]                              "R. J. McBRIDE."

They alleged in their complaint that the defendants, being partners doing business under the firm name and style of R. J. McBride, executed to them the note sued on for goods previously purchased of plaintiffs.

Bailey answered, and denied that he and McBride were partners, and as such executed the note sued on, and that he was indebted to plaintiffs in any sum whatever.

L. P. Thomas testified that McBride and Bailey, in June, 1900, at Montrose, Ark., told him that they were partners, doing business in the name of R. J. McBride, and that he, as agent of plaintiffs, then and there sold to them as such partners 5,000 Marguerite cigars; and that they thereafter executed the note sued on for the  amount due to plaintiffs on account thereof; and that the note belonged to him.

McBride and Bailey testified that they did not tell Thomas that they were partners; and that McBride purchased the cigars for himself; and that Bailey was not indebted to plaintiffs, or for the cigars.

After the close of the evidence for the defendants, L. P. Thomas testified, over the objections of the defendants, as follows:  "At Parkdale, in this county, after this suit was brought, R. J. McBride said to me 'he did not blame me a bit for trying to make my money out of Bailey; that he knew I ought to recover of Bailey in this suit, but he hoped I would not, because if Bailey had to pay me, Bailey would force McBride to pay him.'  Bailey was not present at this conversation."

McBride, testifying, denied that he made such a statement.

The undisputed evidence in the case showed that the note belonged to L. P. Thomas.

Plaintiffs recovered a judgment against Bailey for $237.25 and six per cent. interest thereon from February 1, 1901. The style of the action, preceding the judgment, is as follows: "Fritz Brothers for use of L. P. Thomas *v.* R. J. McBride and H. F. Bailey." The record does not show that the complaint was amended. Bailey appealed.

The undisputed evidence shows that L. P. Thomas was the owner of the note, and that Fritz Brothers were not entitled to recover thereon.

The testimony of Thomas as to conversation with McBride at Parkdale was inadmissible. It was not admitted or admissible for the purpose of impeaching McBride, as no foundation was laid for that purpose. It was not admissible against Bailey because the statement made by McBride was made in his absence. It was prejudicial to Bailey because it tended to show, if it was worth anything, that he was liable for the debt sued for, and was in duty bound to pay it. It is true that McBride denied the conversation, but it was still before the jury, depending for its force and effect upon the relative credibility of two witnesses, when it should have not been before them at all. Bailey was held liable for the debt. How far this incompetent testimony contributed to that result we cannot tell.

Reverse and remand for a new trial.