EARLE *v.* PHILLIPS PETROLEUM COMPANY.

4-3611

Opinion delivered November 26, 1934.

*J. S. Jameson,* for appellant.

HUMPHREYS, J. This suit was commenced in the court of a justice of the peace in Prairie Township in Washington County, where judgment for $36.95 was rendered in favor of appellees against appellant and L. A. Munshower on account of oil and gas sold by appellees to L. A. Munshower.

An appeal from said judgment was taken to the circuit court, where the cause was tried to a jury upon

the evidence adduced and the instructions of the court with the same result, from which latter judgment appellant has prosecuted an appeal to this court.

According to the undisputed evidence, appellees sold the oil and gas to L. A. Munshower, who resided upon the farm of appellant, and charged same upon their books to him upon the representation by him, in the absence of appellant, that he and appellant were partners, and that the oil and gas was for use in their partnership business. Appellees attempted to establish the existence of the partnership and fix liability of appellant for the debt by circumstances such as the payment of a prior account by appellant on the O. K. of L. A. Munshower, and by statements of L. A. Munshower to appellees and other parties that he and plaintiff were partners in the farming business. Both appellant and Munshower testified that appellant owned the farm, tools and stock, and that Munshower was to operate the farm and care for the stock for one-half of the crops and products from the farm. In the course of the trial, the court permitted Homer Crow, Paul Sturdivant and Bill Ivey to testify, over the objection and exception of appellant, that L. A. Munshower, in the absence of appellant, told them that he, Munshower, and Earle were partners.

This was prejudicial to appellant and constituted reversible error; for the rule of evidence is that the existence of a partnership cannot be established by the admission of one alleged partner against the alleged co-partner unless made in the latter's presence or unless the latter assented to and ratified the admission of the former. *Campbell* v. *Hastings,* 29 Ark. 512; *Stillwell* v. *Bormen,* 63 Ark. 30, 37 S. W. 404; and *Bailey* v. *Fritz,* 75 Ark. 463, 88 S. W. 569.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.