SOUTHARK TRADING COMPANY *v.* PESSES.

4-9982                                                    254 S. W. 2d 954

Opinion delivered February 16, 1953.

*Jabe Hoggard* and *Crumpler & O'Connor,* for appellant.

*Stein & Stein* and *J. S. Brooks,* for appellee.

J. Seaborn Holt, J. This action was begun in the Circuit Court by Southark Trading Company against appellees, Pesses and Miller, to obtain a judgment on two notes amounting to $1,409.30 (principal and interest), which had been executed by appellees to C. R. Olson and wife, and by them transferred and assigned to appellant, Southark. The cause was later transferred to equity. Pesses and Miller answered the complaint, admitting the execution of the notes, and in a cross complaint asked that C. R. Olson and wife be made defendants, and alleged that the two notes had been delivered to the Olsons in part payment of all the stock and assets of Concrete Products Company, a corporation owned by the Olsons, which had been purchased by appellees from Olsons and that following the purchase appellees were required to pay to the United States Government $1,172.02 on a deficiency assessment on income taxes levied against the corporation and this amount which they were required to pay should be offset against the amount they owed Southark on the two notes.

Trial resulted in a decree in favor of appellees. The findings of the court were, in part, as follows: "On April 15, 1949, in connection with the purchase of all stock of Concrete Products Company, a corporation, the Defendants, H. G. Miller and I. L. Pesses, executed and delivered to C. R. Olson and his wife, Kathryn I. Olson, a series of promissory notes evidencing a part of the purchase price of the stock of said corporation.

"That two of said notes of April 15, 1949, in the total principal sum of $1,224, which notes matured in the amount of $611 on September 15, 1950, and in the amount of $613 on October 15, 1950, were acquired previous to the filing of this suit by Southark Trading Com-

pany by endorsement from C. R. Olson and his wife, Kathryn I. Olson.''

That Southark is entitled to recover from Pesses and Miller the amount of the two notes, $1,409.30, with interest from date of the decree.

''That, however, the Court finds that because of certain representations and statements made by the Cross-Defendant, C. R. Olson, to H. G. Miller and I. L. Pesses at the time of the execution of said two notes above described on April 15, 1949, and prior to said date, the Defendants, H. G. Miller and I. L. Pesses, as the successors of Concrete Products Company, a dissolved corporation, have been damaged in the total sum of $1,172.02 on account of a disallowance by the United States Government of a certain income tax refund claim made by Concrete Products Company previous to April 15, 1949, and by a levy on January 5, 1950, by the United States Government on a deficiency assessment for additional income taxes determined to be due and owing by Concrete Products Company, a corporation, for the tax year 1946.

''That the Plaintiff, Southark Trading Company, is not a holder in due course of the above mentioned notes of April 15, 1949, and did not acquire said notes prior to the maturity thereof and that the acquisitions of said two notes by Southark Trading Company was made subject to any defenses that H. G. Miller and I. L. Pesses might urge against said notes held by the Cross-Defendants, C. R. Olson and his wife, Kathryn I. Olson.

''That on account of the damages and loss sustained by Harry G. Miller and I. L. Pesses in the total sum of $1,172.02 above described, the said defendants, H. G. Miller and I. L. Pesses, are entitled to recoup and offset said damages in said amount against the judgment above granted against said defendants for $1,409.30 in favor of Southark Trading Company, the Court finding that said offset and recoupment allowed said defendants is to be offset against said judgment on said notes in favor of Southark Trading Company.

"That after allowing said offset and recoupment to the defendant against said judgment of the plaintiff there remains due the sum of $237.02 for which the Southark Trading Company shall have judgment against H. G. Miller and I. L. Pesses, with interest at 5% per annum from the date of this decree until paid."

For reversal, appellants argue, in effect, that the preponderance of the evidence is against the court's findings that Southark Trading Company was not a holder of the notes in due course and that C. R. Olson, to whom the notes were delivered in payment for his stock in the Concrete Products Company, by appellees, Pesses and Miller, had made certain false representations to appellees upon which they relied to their detriment. We hold that the findings of the trial court were not against the preponderance of the testimony.

Material facts appear not to be in dispute. On April 15, 1949, Pesses and Miller bought from C. R. Olson all of the stock and assets of Concrete Products Company, an Arkansas corporation, owned by C. R. Olson, giving him in payment $18,000 cash and a series of notes, including the two here involved. The sale which was completed by transfer of the corporate stock, in effect, amounted to appellees purchasing all assets of Concrete Products Company and acquiring these assets by transfer of the stock of the Corporation. The sale included accounts receivable, and among them Olson represented that there was a valid income tax refund of $605.73 from the United States Government to Concrete Products Company, which appellees would receive. Thereafter, Olson and wife sold and transferred the notes to appellant, Southark Trading Company. Olson was the owner of Southark and its president and manager at the time the notes were sold to Southark. He so testified. It is also undisputed that Pesses and Miller not only were denied the refund of the tax by the Government, but in fact were required to pay to the Government additional taxes owed by Concrete Products Company in the amount of $566.29. This latter amount, plus the $605.73 (total

$1,172.02), appellees, as indicated, claimed as a credit on their indebtedness to Olson.

We hold that the court correctly found Southark was not a holder, in due course, of the two notes, in the circumstances, that Southark therefore took title to the notes subject to all defenses available to the makers, and that Pesses and Miller were entitled to be credited $1,172.02 on their note to Olson.

Appellants also contend that appellees have waived all rights for damages. We do not agree. This contention appears to be based on the fact that appellees, after being notified that Concrete Products Company had been denied any tax refund from the Government, and after they had called on Olson to make good their promised refund ($605.73) and the deficit ($566.29), and he had refused, they thereafter "made payments to Olson on account of their indebtedness for the purchase of his corporate stock."

The rule appears to be well settled that in order to invoke the rule of waiver, as contended here, it is "essential to show that the defrauded party intentionally condoned the fraud, affirmed the contract, and abandoned all right to recover damages for the fraud, with full knowledge thereof. The affirmance must be equivalent to ratification. The question of outright waiver is one of intent; and it is essential to such waiver that the victim possess full knowledge of the fraud practiced upon him and that he intend to affirm the contract and abandon his right to recover damages for the loss resulting from the fraud." 24 Am. Jur., § 209, page 34.

We find no evidence that appellees intended to condone Olson's act and with full knowledge thereof, abandoned their rights to recover damages.

Affirmed.