BOYD *v.* BROWN.

5-3163                         373 S. W. 2d 711

Opinion delivered December 23, 1963.

[Rehearing denied Jan. 27, 1964.]

*Davis & Davis,* Memphis, Tenn., for appellant.

*Chas. A. Walls, Jr., Joe P. Melton,* for appellee.

PAUL WARD, Associate Justice. The trial court ruled that appellant, James Harris Boyd, had no right to share equally with his half brother and his three half sisters in certain real estate—hence this appeal. The factual background is summarized below.

James Thomas Boyd and his wife, Mary Etta, were the parents of one son and three daughters, named respectively: William Bentley Boyd, Clara Lillian Rowe, Etta Blanche Eifling, and Minnie Lucy Brown. We will at times hereafter refer to these as the four heirs. Appellant was the son of the said James Thomas Boyd by a former wife. James Thomas Boyd died in 1949 and his wife, Mary Etta, died later, intestate, in possession of the real property here involved. Other pertinent facts are revealed by the following summary of the pleadings.

*Petition:* Minnie Lucy Brown filed a complaint against her brother and two sisters alleging that they were equal owners of four parcels of land in Lonoke (each parcel specifically described); that the lands were not susceptible of division in kind; that they should be sold and the money equally divided between the four heirs. *Order:* The court ordered the lands to be sold and the proceeds to be divided between the four heirs. *Intervention:* Appellant set out the relationship mentioned above; that the property was an ancestral estate of James Thomas Boyd; that he (appellant) was entitled to an undivided one-fifth interest; that James Thomas Boyd deeded the property to Mary Etta Boyd in 1932 for a consideration of $1,000, no part of which was paid; that James Thomas Boyd willed all his property to Mary Etta with the understanding she would give appellant one-fifth; and that the four heirs were estopped to deny his one-fifth interest. The *prayer* was to have the land sold and the proceeds divided equally between the five parties. *Response:* The four heirs denied all allegations of intervenor; admitted Mary Etta bought the lands from James Thomas Boyd for $1,000 which

amount was paid; admitted the will but said none of subject lands were included; admitted paying appellant one-fifth of proceeds of an insurance policy on the life of Mary Etta payable to James Thomas Boyd.

After a hearing on the above issues the court resolved all issues against appellant, who now prosecutes this appeal for a reversal on four separate grounds.

*First,* appellant says the court erred in refusing certain testimony proffered by him. "Q. Mr. Boyd, your father, did he ever say anything to you—?" The court sustained an objection to the proffered testimony. Obviously, no reversible error is shown. Appellant did not set out what his testimony would have been if he had been allowed to testify. No principle of procedure is better established by our decisions than the rule that an objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing what the testimony would have been. See: *Wallace* v. *Riales,* 218 Ark. 70, 234 S. W. 2d 199, and *Weston* v. *Hilliard,* 232 Ark. 535, 338 S. W. 2d 926.

*Second,* we see no reversible error in the court's refusal to allow appellant's witness to testify as an expert regarding the market value of the subject real property. Regardless of the qualifications of the witness as an expert, any such testimony was immaterial since it was not shown that appellant had any interest in the land.

*Third,* appellant contends the court erred in not disposing of the property as provided by law for the division of an ancestral estate. There can be no merit in this contention because there was no testimony to show the land belonged to James Thomas Boyd at the time of his death.

Finally, we cannot agree with appellant's contention that the four heirs were estopped to deny he had a one-fifth interest in the subject lands. This contention is based on the fact that appellant was given one fifth of the personal estate of Mary Etta Boyd, deceased. This could have been merely an act of generosity on the part

of the four heirs or it could have been because (as contended by the four heirs) a life insurance policy on Mary Etta's life was payable to appellant's father. In either case, this circumstance in no way amounts to an admission on the part of the four heirs that appellant owned a one-fifth interest in the subject real estate.

Although the point is not raised or argued by appellant, it might be contended that the rule in *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, is applicable here because no testimony was introduced by the four heirs in response to the testimony introduced by the intervenor. Even so, the case must be affirmed since appellant's testimony wholly failed to make out a *prima facie* case in his favor.

Affirmed.