## Jack ECKLES *v.* PERRY-AUSTEN BOWLING PRODUCTS, INC.

81-223                                     628 S.W. 2d 869

Supreme Court of Arkansas
Opinion delivered March 8, 1982

*Herschel W. Cleveland*, of *Hixson, Cleveland & Rush*, for appellant.

*Bruce H. Bethell*, of *Bethell, Callaway & Robertson*, for appellee.

GEORGE ROSE SMITH, Justice. This action against Eckles was brought by Perry-Austen, an Iowa company, to recover the purchase price of bowling equipment shipped to Eckles on an open account. The complaint, without itemizing the account, sought judgment for $6,127.20 "and other relief as [plaintiff] may be deemed entitled." At the trial the plaintiff's testimony disclosed that the $6,127.20 claim, calculated as of the date the suit was filed, consisted of a $5,520.24 principal account and $606.96 in interest at 1% a month. This appeal, from a verdict and judgment for $7,065.84, comes to us because there is an assertion of usury. Rule 29 (1) (*1*). Four points for reversal are argued.

The testimony of the two main witnesses was in absolute conflict. The witness Sherwood, an officer of Perry-Austen, testified that the delinquent account arose from seven shipments to Eckles, evidenced by seven itemized invoices that were introduced. Each invoice recited that an interest charge accumulated at 1% a month on past-due balances. Sherwood said that he had telephoned Eckles 8 or 10 times about the account. Eckles never disputed the account, and promised repeatedly to pay it, and once agreed to sign a note for the total amount, with interest, but did not do so. Eckles testified that he never admitted the indebtedness. He said he owed only two of the invoices, the other shipments having been ordered by Eckles to be shipped to other consignees and to be billed to them. The verdict shows that the jury accepted Sherwood's testimony.

First, the issue of usury was not preserved for review. It was raised only once in the trial court, by a motion for a directed verdict at the close of the plaintiff's case. The court denied the motion, finding (on sufficient evidence) that the suit was based upon an Iowa contract. The motion was not renewed at the close of all the evidence and was therefore waived. *Sanson* v. *Pullum*, 273 Ark. 325, 619 S.W. 2d 641 (1981).

Second, the defense objected to the introduction of the invoices because Sherwood admitted that before sending them to Perry-Austen's attorney he had written notations on them, such as: "This order phoned to us by Art Kirk, Eckles' office accountant." The jury heard Sherwood's explanation of the notations, and both Eckles and Kirk in effect admitted on the witness stand that the information was true. No possibility of prejudice is shown.

Third, during the closing arguments plaintiff's counsel displayed to the jury a sheet of paper containing, in large letters and figures, this summation of the account:

| | | |
|---|---|---|
| Goods | | $5,520.24 |
| Interest | | |
| 1% per mon. | 55.20 | |
| X # months X | 28 | $1,545.60 |
| Total | | $7,065.84 |

It happened that the jurors carried the piece of paper into the jury room along with the exhibits. When that fact was discovered after the jury had returned its verdict for $7,065.84, defense counsel moved for a mistrial. We find no error in the denial of the motion. Sherwood had testified to the accuracy of the total figure, which had again been brought to the jury's attention in argument. The trial judge did not abuse his discretion in refusing to order a new trial merely because the jury had taken into the jury room a calculation already known to them.

Fourth, it is argued that the court should not have entered judgment for 12% interest, because the complaint contained no such prayer. This point is well taken. The

complaint simply sought judgment for $6,127.20 and other relief. It was impossible for the defendant to learn from the pleadings that 12% interest under Iowa law was being asked. Rule 44.1, A. R. Civ. P., provides that a party who intends to raise an issue concerning the law of another jurisdiction shall give notice in his pleading or other reasonable written notice. Had the rule been complied with by the plaintiff, defense counsel would have been alerted to the need for determining the permissible interest rate in Iowa. It is impossible for us to take notice of it, for it seems to be a variable rate that fluctuates with a rate published by the federal reserve system and is determined every month by the superintendent of banking in Iowa. Iowa Code Annotated, Vol. 32, § 535.2 (Supp. 1981-1982).

In the complaint there is a prayer for general relief. This is a sufficient basis for an award of 6% prejudgment interest. Under our law it is the statement of facts in the complaint that constitutes the cause of action; the court may in the absence of surprise grant whatever relief the facts warrant. *Grytbak* v. *Grytbak,* 216 Ark. 674, 227 S.W. 2d 633 (1950). An open account for goods sold bears interest after maturity. *Frazer* v. *Pettit-Galloway Co.,* 172 Ark. 209, 287 S.W. 1010 (1926). The basic principle is that interest is ordinarily allowable for the wrongful detention of money. *City of Fort Smith* v. *Southwestern Bell Tel. Co.,* 220 Ark. 70, 247 S.W. 2d 474 (1952). Under our Constitution the legal interest rate for obligations not in writing is 6%. Ark. Const., Art. 19, § 16; *Wilson* v. *Lester Hurst Nursery,* 269 Ark. 19, 598 S.W. 2d 407 (1980). The judgment will therefore be modified by reducing the interest before judgment from $1,545.60 to half that amount, $772.80, being 6% instead of 12% interest.

Modified and affirmed.