Don SELLERS, Carl WINN and
CLOVERLEAF APARTMENTS *v.*
WEST-ARK CONSTRUCTION CO.

84-40                                    676 S.W.2d 726

Supreme Court of Arkansas
Opinion delivered October 8, 1984

*Bethell, Callaway, Robertson & Beasley,* by: *Edgar E. Bethell,* for appellants.

*Phillip J. Taylor,* for appellee.

WEBB HUBBELL, Chief Justice. After submitting a low bid of $239,975.00, appellee, West-Ark Construction Co., was awarded a contract to build an apartment project for appellants, Don Sellers and Carl Winn. The appellants had paid $25,000.00 for the project site and had obtained a loan to build the project from Farmers Home Administration in the amount of $260,000.00. Appellee completed the construction and was paid during the course of construction $239,975.00 plus $8,275.30 for change orders. Appellee then brought this action for fraud. He claimed that appellants had represented that if appellee would rebate appellants the $25,000.00 land cost, appellants would pay appellee $260,000.00 for the project despite the terms of the contract. A jury awarded appellee $20,025.00 in actual damages for the misrepresentation, $25,000.00 punitive damages, and $2,000.00 for clearing the project site and

spreading topsoil. Appellants urge six points for reversal. We affirm.

Appellants first argue that appellee's deposit of a check tendered upon completion of the work in the amount of $27,055.79 and with the words "balance of contract" on its face constituted a waiver of all of appellee's claims. Appellants contend that, based on the evidence of appellee's acceptance of this check, the trial court erred in refusing a motion for directed verdict. Appellants also assert that the trial court erred in refusing their instruction to the effect that when a creditor cashes a check which on its face states "balance of contract," the creditor may no longer assert his claim. In *Southark Trading Co.* v. *Pesses,* 221 Ark. 612, 254 S.W.2d 954 (1953), we said that to invoke the rule of waiver it is essential to show the defrauded party intentionally condoned the fraud, affirmed the contract, and abandoned all right to recover. See also *Ray Dodge, Inc.* v. *Moore,* 251 Ark. 1036, 479 S.W.2d 518 (1972). This case concerns an alleged fraud discovered after receipt of the final payment. When appellee cashed the final payment check, he did not relinquish his right to pursue his fraud claim. Moreover, waiver and release are affirmative defenses that must be pled in an answer to a complaint. ARCP Rule 8(c). The record reflects that appellants did not affirmatively plead waiver or release. Also, appellants' motion for directed verdict was not renewed at the close of all the proof which waives the original motion. *Eckles* v. *Perry Austen Bowling Products, Inc.,* 275 Ark. 235, 628 S.W.2d 869 (1982); *Granite Mountain Rest Home* v. *Schwartz,* 236 Ark. 46, 364 S.W.2d 306 (1963).

Appellants' second argument is that the trial court erred in instructing the jury that appellee's burden of proof was by a preponderance of the evidence. Appellants offered an instruction that would have required appellee to prove fraud by clear and convincing evidence. Clear and convincing evidence of fraud is required in equity to cancel or reform a solemn writing, but proof by a preponderance of the evidence is the proper standard in fraud cases tried to a jury. *Ray Dodge, Inc.* v. *Moore,* 251 Ark. 1036, 479 S.W.2d 518 (1972); *Clay* v. *Brand,* 236 Ark. 236, 365 S.W.2d 256 (1963). The instruction given was correct.

Third, appellants assert that the trial court erroneously admitted into evidence conversations between the parties concerning and leading up to the construction contract. The parol evidence rule is a rule which prevents the admission of evidence of contemporaneous or prior oral agreements which would contradict the terms of a written contract; however, in actions founded on fraud, parol testimony is admissible to show that the making of a contract was induced by fraudulent representations. *Gainer* v. *Tucker*, 255 Ark. 645, 502 S.W.2d 636 (1973); *Hamburg Bank* v. *Jones*, 202 Ark. 622, 151 S.W.2d 990 (1941); *St. Louis I. M. & S. Ry. Co.* v. *Hambright*, 87 Ark. 614 (1908).

Next, appellants contend that the trial court erred by excluding evidence of additional contracts between the parties after the completion of the construction project. A proffer of the contracts was never made. An objection to the exclusion of evidence cannot be considered on appeal in the absence of a showing of what the evidence would have been. *Boyd* v. *Brown*, 237 Ark. 445, 373 S.W.2d 711 (1963). When there is no proffer of evidence, we cannot say that it is prejudicial. *Simmons* v. *McCollum*, 269 Ark. 811, 601 S.W.2d 232 (Ark. App. 1980).

Fifth, appellants argue that the trial court should not have given jury instructions which permitted recovery on quasi-contract for site preparation and topsoil spreading because the written contract covered these items. The contract provided that topsoil and sodding was to be done by owner [appellants], not appellee. Although the contract did state the work included site work, the provision is not clear enough to merit an assumption that it represented a written agreement about site preparation.

Appellants assert that the contract specifically provided for the use of change orders, but the availability of change orders does not preclude a quasi-contractual obligation if the change orders were not used.

Quasi-contracts are not based on promises to pay or perform. They are obligations which are creatures of the law designed to afford justice. *Downtowner Corp.* v.

*Commonwealth Securities Corp.,* 243 Ark. 122, 419 S.W.2d 126 (1967). They arise where the law prescribes the rights and liabilities of persons who have not entered into any contract, but between whom circumstances have arisen which make it equitable that one should have a right and the other should be subject to a liability. *Caldwell* v. *Missouri State Life Ins. Co.,* 148 Ark. 474, 481, 230 S.W.2d 566 (1921). *See also Carpenter* v. *Josey Oil Co.,* 26 F.2d 442 (8th Cir. 1928).

The trial court did not tell the jury that the appellee was entitled to recover under quasi-contract, but merely authorized the jury to award damages based on quasi-contract if it found appellee entitled to recover. An instruction so given is not an incorrect declaration of applicable law. *See Bates Coal and Mining Co.* v. *Mannon,* 205 Ark. 215, 168 S.W.2d 408 (1943).

Appellants last argue error by the trial court in instructing the jury on punitive damages. The appellants did not object to the instruction. The failure to object to an instruction precludes a consideration of the issue on appeal. *Willis* v. *Elledge,* 242 Ark. 305, 413 S.W.2d 636 (1967).

Affirmed.