J. E. MEDLOCK *v.* R.L. BURDEN
d/b/a Burden Produce Services

94-709                                                    900 S.W.2d 552

Supreme Court of Arkansas
Opinion delivered July 3, 1995

*Michael J. Medlock*, for appellant.

*Eddie N. Christian*, for appellee.

ANDREE LAYTON ROAF, Justice. Appellant J.E. Medlock appeals from a judgment entered in favor of R.L. Burden, d\b\a Burden Produce Services, in the amount of $130,722.65. The issues raised on appeal are whether the trial court erred in submitting an instruction to the jury regarding partnerships and whether the verdict is supported by substantial evidence. We affirm.

In June of 1988, Roger and Karen Burden began operating Burden Produce Services (Burden Produce), a produce brokering enterprise. From October of 1988 until January of 1989, Burden Produce sold produce to Marvin Daily, d/b/a Arkansas Produce. Subsequently, Daily failed to pay for approximately $156,000 worth of produce, and Burden Produce terminated its sales to Daily. Daily assigned his receivables to Burden Produce, and Burden Produce collected approximately $26,000, leaving an outstanding balance of $130,722.65.

The appellee filed a complaint against Marvin Daily, d\b\a Arkansas Produce and J.E. Medlock. The complaint stated the defendants purchased fruits and vegetables through brokers and then marketed the produce. The appellee asserted in the complaint that he was assured by Daily that "Medlock would not be a part" of Daily's business after the appellee advised Daily that he had no intention of doing business with Medlock. Marvin Daily did not file an answer; however, J.E. Medlock denied the material allegations. The only theory of recovery upon which the jury was instructed was that of deceit. The jury found in favor of R.L. Burden, d/b/a Burden Produce Services, and judgment was entered against Marvin Daily and J.E. Medlock in the amount of $130,722.65.

Medlock asserts the trial court erred in instructing the jury on partnership. At trial, the appellee asserted that Marvin Daily and J.E. Medlock were partners in the produce business. The trial court instructed the jury as follows: "A partnership is an association of two or more persons to carry on, as co-owners, a business for profit." AMI Civ. 3rd 710. Medlock, however, contends the only evidence of a partnership is a self serving statement by

R.L. Burden. On appeal, the question is whether Burden presented sufficient evidence of a partnership between Daily and Medlock to submit the issue to the jury.

We hold there is sufficient evidence that a partnership existed between Daily and Medlock. Prior to Mr. Burden supplying produce to Daily, Daily informed him that he had access to Medlock's storage facility free of charge. Mr. Burden testified that he visited Daily in November because Daily was not paying for the produce. Burden testified that when he arrived at the warehouse where the produce was stored, J.E. Medlock was there and the produce Burden had delivered to Daily was being loaded onto Medlock's trucks. Burden confronted Daily about his failure to pay for the produce, and Daily stated Medlock was taking care of the receivables because they were partners. Burden testified he confronted Medlock, and stated "Since you guys are partners, when am I going to get my money?" According to Burden, Medlock responded "I'll try to get you some money Tuesday."

■ Generally, the statement of one partner, as testified by a third person, cannot be used to prove that another person is a partner. Harold Gill Reuschlein & William A. Gregory, *The Law of Agency and Partnership* § 199 (1990). Further, we have stated that the existence of a partnership cannot be established by the admission of one alleged partner against the alleged co-partner unless made in the latter's presence or unless the latter assented to and ratified the admission of the former. *Earle* v. *Phillips Petroleum Co.*, 190 Ark. 69, 76 S.W.2d 313 (1934); See also A.R.E. Rule 801(d)(2)(ii); *Morris* v. *State*, 302 Ark. 532, 792 S.W.2d 288 (1990).

■■ We conclude the jury could reasonably infer that Medlock heard and understood the statement and the statement was such that, under the circumstances, if he did not concur in the statement he would normally respond. In fact, rather than deny the partnership relation, Medlock assured Burden that a payment would be forthcoming. Contrary to Medlock's assertion that Burden's testimony is simply self serving, it is up to the jury to resolve the conflicts in the testimony and judge the weight and credibility of all the evidence. *Hall* v. *Grimmett*, 318 Ark. 309, 885 S.W.2d 297 (1994). Further, it is up to the jury to determine whether Medlock acquiesced in the statement. *Morris*, supra.

■ The appellant also asserts the trial court erred in failing to grant a directed verdict and a judgment notwithstanding the verdict in his favor. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Quinney* v. *Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995). Our standard in reviewing the sufficiency of the evidence is well settled: (1) the evidence is viewed in a light most favorable to the appellee; (2) the jury's finding will be upheld if there is any substantial evidence to support it; and (3) substantial evidence is that of sufficient force and character to induce the mind of the factfinder past speculation and conjecture. *Id.* Similarly, where a motion for judgment notwithstanding the verdict is denied, we must also determine whether the verdict is supported by substantial evidence. *Rathbun* v. *Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993).

■ The only theory of recovery upon which the jury was instructed was that of deceit. The tort of fraud, misrepresentation, or deceit consists of five elements which must be proven by a preponderance of the evidence: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Roach* v. *Concord Boat Corp.*, 317 Ark. 474, 880 S.W.2d 305 (1994).

In both his motion for directed verdict and his motion for judgment notwithstanding the verdict, Medlock asserted there was no evidence that he induced the appellee to act in reliance upon any misrepresentation. Although we agree there is no evidence Medlock personally made a false representation, there is sufficient evidence that Marvin Daily falsely represented that Medlock would not be connected with the produce business. Consequently, because there is sufficient evidence to support the jury's conclusion that a partnership existed, Medlock is jointly and severally liable for Daily's false representation.

Mrs. Karen Burden testified that Daily represented he had access to a refrigerated warehouse for storing the produce and J.E. Medlock was not going to charge for the use of the facility. Mr. Burden also testified that Daily stated he had an opportunity to use Medlock's facility free of charge. Mr. Burden testified he

made it clear to Daily that Medlock had a very poor reputation and that he was worried about Daily doing business with Medlock. Mr. Burden testified that Daily said not to worry and convinced him that "he could do this." Further, Mrs. Burden testified that Mr. Burden warned Daily about Medlock's reputation and to be wary of any affiliation with Medlock. Mrs. Burden testified Daily reassured them that Medlock's only involvement was the use of the warehouse. Mr. Daily testified that Mr. Burden informed him he did not want to personally do business with Medlock. Mr. Burden testified he would never have become involved if he had known Medlock and Daily were going to be partners.

■■ From this proof and its reasonable inferences, the jury could have concluded that Daily misrepresented the extent of Medlock's involvement in order to induce the Burdens to supply produce and that the Burdens suffered damages as a result of justified reliance on the representation. In cases of deceit, the credibility of the witnesses is vital in determining liability, and the trier of fact is the sole judge of credibility and the weight and value attributed to evidence. *Wheeler Motor Co. v. Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993).

■■ Because there is sufficient evidence that Daily committed the tort of fraud, Medlock is jointly and severally liable for Daily's false representation. A partnership is bound by the acts of a partner when he acts within the scope or apparent scope of his authority. *National Lbr. Co. v. Advance Development Corp.*, 293 Ark. 1, 732 S.W.2d 840 (1987). Arkansas Code Ann. § 4-42-305 (Repl. 1991) provides:

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Further, Ark. Code Ann. § 4-42-307 (Repl. 1991) provides all partners are liable jointly and severally for everything chargeable to the partnership under § 4-42-305. The evidence is sufficient to establish that Daily was acting in the ordinary course of

the business of the partnership when he obtained produce from Burden Produce Services. *See Bergh* v. *Mills*, 763 P.2d 214 (Wyo. 1988); *Duncan* v. *Henington*, 835 P.2d 816 (N.M. 1992).

In his brief, Medlock states that the "only evidence of false representations [were] those made by the defendant Marvin Daily." Medlock asserts that there is clear evidence that any reliance on statements by Daily were not justified based upon the Burden's contemporaneous knowledge of Medlock owning the storage facility. The appellant cites *Berkeley Pump Co.* v. *Reed-Joseph Land Co.*, 279 Ark. 384, 653 S.W.2d 128 (1983), for the proposition that "a party . . . must seek out the information he desires and may not omit inquiry and examination and then complain that the other did not volunteer information." While this is a proper statement of the law, it concerns whether a party had a duty to speak and not an affirmative misrepresentation. Granted, at the time they began discussions with Daily the Burdens were aware that Medlock's storage facility would be utilized; however, the jury could still conclude Daily misrepresented the extent of Medlock's involvement.

██ ██ Finally, Medlock contends the Burdens became aware of the extent of his involvement in November, some two months before terminating sales. Medlock asserts that because the Burdens became aware of his involvement and did nothing, they are estopped from bringing the action. *See Mid-America Truck & Equipment* v. *Mack Trucks, Inc.*, 519 F.Supp. 461 (1981). We have recognized that in order to invoke the rule of waiver it is essential to show the defrauded party intentionally condoned the fraud, affirmed the contract, and abandoned all right to recover. *Sellers* v. *West-Ark Constr. Co.*, 283 Ark. 341, 676 S.W.2d 726 (1984). However, waiver and release are affirmative defenses that must be pled in an answer to a complaint. *Id.*; ARCP Rule 8(c). The record reflects that the appellant did not affirmatively plead waiver.

Affirmed.