## SPARKS REGIONAL MEDICAL CENTER *v.*
## Donna SMITH

CA 97-1478

976 S.W.2d 396

Court of Appeals of Arkansas
Division II
Opinion delivered October 7, 1998

*Warner, Smith & Harris, PLC,* by: *G. Alan Wooten* and *Kathryn Stocks Campbell,* for appellant.

*Law Offices of Charles Karr,* by: *Charles Karr,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this tort case, Donna Smith, sued the appellant, Sparks Regional Medical Center, alleging that, while she was a patient at Sparks on July 2, 1994, she was sexually assaulted by an employee assigned to bathe her. Appellee asserted that appellant had been negligent in hiring the employee, Jeff Chavez, because he previously had been discharged by another hospital for sexually harassing a patient. Appellee further asserted that appellant had been negligent in failing to properly supervise Mr. Chavez because appellant knew that Mr. Chavez had sexually harassed other patients while employed by appellant. The jury found in favor of appellee and awarded her damages in the amount of $80,000. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in denying its motions for directed verdict at the close of the trial and for judgment notwithstanding the verdict after the verdict was returned. Appellant argues that it was not responsible for the intentional criminal conduct of Mr. Chavez because Mr. Chavez was acting outside the scope of his employment when he sexually assaulted appellee. We affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Medlock v. Burden*, 321 Ark. 269, 900 S.W.2d 552 (1995). Our standard in reviewing the sufficiency of the evidence is well settled: (1) the evidence is viewed in a light most favorable to the appellee; (2) the jury's finding will be upheld if there is any substantial evidence to support it; and (3) substantial evidence is evidence of sufficient force and character to induce the mind of the fact finder past speculation and conjecture. *Id.* Similarly, where a motion for judgment notwithstanding the verdict is denied, we must also determine whether the verdict is supported by substantial evidence. *Rathbun v. Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993).

Viewing the evidence, as we must, in the light most favorable to the appellee, the record reflects that, before he was hired by appellant, Mr. Chavez was discharged by St. Edward Mercy Medical Center for sexually abusing patients. Criminal charges were filed against him based on one of those incidents. After being terminated by St. Edward, Mr. Chavez applied in July 1993 for a position at the appellant hospital. He did not list St. Edward as a prior employer on his application, and, although a five-year gap in Mr. Chavez's employment history appeared on his application for employment with appellant, appellant neither investigated the matter nor performed a background check. Mr. Chavez was hired by appellant and, after beginning his employment, was seen by other employees of appellant who had worked with him at St. Edward and were aware of the incident resulting in his dismissal. In January 1994, a fellow employee reported that two female patients in the psychiatric ward informed him that Mr. Chavez had engaged in sexual contact and conversation with them in their rooms. Appellant placed Mr. Chavez on probation in a disciplinary-action report that stated:

> Jeff, as you are aware, this is an extremely serious situation. This behavior would certainly result in immediate termination if verified by those patients involved. At this time, I am placing you on probation as there is still some variation in the report by the patients involved. Jeff, you must understand that any occurrence of this nature *will* result in immediate termination. I would advise you to consider very carefully the areas in which you agree

to work — do not put yourself in a position that might result in a repeat of this.

Although Mr. Chavez was placed on disciplinary probation, his work activities at the hospital were not altered or restricted. Approximately six months later, on July 2, 1994, Mr. Chavez entered the hospital room of appellee, who was recovering from surgery to correct complications arising out of a heart catheterization. Mr. Chavez announced that he had been assigned to bathe appellee, and he did so against her express wishes and protestations. He pushed her gown up to her breasts, bathed only her vaginal area, and left her in a wet bed when he was finished. Appellee suffered extreme psychological trauma, anxiety, and distress as a result of the incident. Appellant concedes that Mr. Chavez's act was criminal and that it resulted in a conviction of first-degree sexual abuse.

Appellee proceeded below on the theories of respondeat superior, negligent hiring, and negligent supervision. Appellant argues that the evidence was insufficient to support a verdict for appellee on any of these theories. We limit our discussion to the sufficiency of the evidence to support a finding of negligent supervision because we find that issue to be dispositive.

Appellant contends that this case is controlled by *Porter v. Harshfield*, 329 Ark. 130, 948 S.W.2d 83 (1997). We do not agree. *Porter* involved a claim against an employer when a radiology technician in his employ sexually assaulted a patient during an ultrasound examination. Although the facts of *Porter* and the case at bar are not dissimilar, the supreme court's discussion focused on the question of whether the employer was vicariously liable under the respondeat superior doctrine for the technician's criminal conduct. The supreme court held that no vicarious liability arose because the technician was not acting within the scope of his employment when he assaulted the patient. Although issues were presented regarding the separate theory of negligent supervision, the supreme court declined to address them because the appellant in *Porter* (whose burden it was to show error) failed to offer any convincing argument or authority in support of his contention. Consequently, while *Porter* does indeed stand for the proposition that an employer is not *vicariously* liable for the intentional,

unexpectable, criminal acts of his employees, it says nothing about an employer's liability for his *own* negligent failure to supervise such an employee.

▪ The distinction between the theories of respondeat superior and negligent supervision has been described as follows:

> Employers are subject to direct liability for the negligent hiring, retention, or supervision of their employees when third parties are injured by the tortious acts of such unfit, incompetent, or unsuitable employees. In order to recover, the plaintiff must show that the employer knew, or in the exercise of ordinary care should have known, that its employee's conduct would subject third parties to an unreasonable risk of harm.
>
> This theory is completely separate from the respondeat superior theory of vicarious liability because the cause of action is premised on the wrongful conduct of the employer, such that the employer's negligence was the proximate cause of the plaintiff's injuries.
>
> \* \* \* \*
>
> In addressing the risk created by exposing the public to potentially dangerous individuals, employer liability does not, in most jurisdictions, depend upon the scope of employment requirement of respondeat superior. Therefore, the claim provides a remedy to third parties who otherwise would not be able to recover under respondeat superior because of the scope of employment requirements.

27 AM. JUR. 2d *Employment Relationship* § 472 (1996).

▪ Arkansas recognizes the tort of negligent supervision. *See American Automobile Auction, Inc. v. Titsworth*, 292 Ark. 452, 730 S.W.2d 499 (1987). Even where the employee commits an intentional tort, the victim may proceed against the employer under the theory of negligent supervision of the employee who committed the tort. *Id.* In *St. Paul Fire & Marine Insurance Co. v. Knight*, 297 Ark. 555, 764 S.W.2d 601 (1989), the supreme court reversed a verdict against an employer for negligently retaining an employee where the employer had no information that would have led it to conclude that the employee might be predisposed to commit violent acts against anyone. In the case at bar, however, we think that the evidence would support a finding that appellant

had sufficient information to conclude that there was a distinct danger that Mr. Chavez would pose a danger to female patients; appellant itself characterized the report of Mr. Chavez's sexual abuse of the psychiatric patients as "extremely serious" but took no action to protect other patients from such abuse. Under these circumstances, we think that there was sufficient evidence to support a finding that appellant had been negligent in supervising Mr. Chavez following the report of his abuse of the psychiatric patients, and we affirm.

ROGERS and GRIFFEN, JJ., agree.