Alvin Edward MORRIS a/k/a Eddie Morris *v.* STATE of
Arkansas

CR 89-144                                    792 S.W.2d 288

Supreme Court of Arkansas
Opinion delivered June 25, 1990

*Murphy and Carlisle*, by: *John Wm. Murphy*, for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. Alvin Edward Morris seeks reversal of a conviction of capital murder and a sentence of life imprisonment without parole. We find no error in the charging or in the trial and thus affirm.

The appellant's companion, Kevin Burkhart, was convicted in a separate trial, and that conviction was recently affirmed in *Burkhart* v. *State*, 301 Ark. 543, 785 S.W.2d 460 (1990). A recitation of the facts may be found in *Burkhart*; we therefore limit a restatement only to the facts necessary to an understanding and a determination of the issues raised by the appellant for reversal.

The appellant was convicted for his participation in the robbery and death by beating of an elderly couple, Mr. and Mrs. Victor Magnus, in their house at Mountain Home on June 29, 1988. He was arrested in Ozark, Alabama, on July 5, 1988, following a phone call to Mountain Home police from Dale Burkhart, brother of Kevin Burkhart. Dale Burkhart informed the police that the appellant and Kevin were in Ozark, Alabama, and that Kevin had told him about the robbery and beating of Mr. and Mrs. Magnus. Arkansas law enforcement officials then went to Alabama and, with the assistance of Alabama police, arrested and interrogated the appellant and Kevin Burkhart.

The first of six points of error asserted by the appellant

alleges that his confession was involuntary and should have been suppressed. The appellant says he was awakened by the police, "dragged" from the house in handcuffs, threatened while on the way to the police station, placed in an 8' x 14' room and read his rights (which he later said he did not understand), and then subjected to interrogation. During the first period of interrogation, the appellant consistently denied any knowledge of the crime. Officers then brought in Dale Burkhart, who recited a conversation he had had with Kevin Burkhart in the presence of the appellant. The appellant then confessed his part in the crimes at length and in great detail.

At the suppression hearing, the officers denied having abused or coerced the appellant. Their testimony established that the appellant had been fully and completely advised of his rights and that he had initialed each affirmative response and had signed the rights form. The police recorded the interrogation with the appellant's knowledge. The transcript of the recording further establishes that the appellant again acknowledged that he was aware of his rights and understood them.

█ █  Custodial statements are presumed to be involuntary. *Fleming* v. *State*, 284 Ark. 307, 681 S.W.2d 390 (1984). The state must therefore make a prima facie showing that the accused knowingly, voluntarily, and intelligently waived his right to remain silent. *Miranda* v. *Arizona*, 384 U.S. 436 (1966); *Williamson* v. *State*, 277 Ark. 52, 639 S.W.2d 55 (1982); *Hunes* v. *State*, 274 Ark. 268, 623 S.W.2d 835 (1981). When the issue is raised on appeal, this court independently reviews the totality of the circumstances and will reverse only if the trial court's finding is clearly against the preponderance of the evidence. *Fleming* v. *State*; *Williamson* v. *State*; *Hunes* v. *State*.

█  The recorded statements given by the appellant, together with the record of the proceedings on the motion to suppress, clearly support the trial court's refusal to grant the motion to suppress the admission of the confession.

█ █  The appellant next contends that the trial court erred in permitting the introduction into evidence of certain photographs of the victims. The admissibility of the photographs is a matter within the sound discretion of the trial court, and its decision will not be reversed without a showing of a clear abuse of

discretion. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). It matters not that the photographs are cumulative to other evidence. *Fairchild* v. *State*, 284 Ark. 282, 681 S.W.2d 308 (1984). Even inflammatory photographs are admissible if they tend to shed light on an issue, if they are useful to enable a witness to better describe the objects portrayed, or if they better enable the jury to understand the testimony. *Gardner* v. *State*; *Hallman* v. *State*, 288 Ark. 448, 706 S.W.2d 381 (1986); *Fairchild* v. *State*.

■ Twenty-six photographs were admitted into evidence and, of those, only four depicted the victims. Only two of the photographs clearly showed the victim's head and the injuries. One of those two photographs showed the imprint of a shoe sole on the throat of the victim indicating the type of assault. Further, this imprint was connected to other evidence uncovered by the police, such as the shoes worn by one of the perpetrators. There was no abuse of discretion by the trial court in permitting the introduction of the photographs.

As a third ground for reversal, the appellant argues that the trial court should have granted the appellant's motion for a change of venue.

■■ A criminal case may be removed to the circuit court of another county upon a showing that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had. Ark. Code Ann. § 16-88-201 (1987). The burden is on the defendant to show the general mindset of the populace and the concomitant impossibility of receiving a fair trial. *Richardson* v. *State*, 292 Ark. 140, 728 S.W.2d 189 (1987). In making a determination of the accused's ability or inability to receive a fair trial, the trial court has an opportunity to observe witnesses and to make a determination as to whether or not a particular mindset or prejudice pervades the entire county. We will not disturb the finding of the trial court in the absence of an abuse of discretion. *See Gardner* v. *State*; *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986); *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 284 (1982).

■ No such abuse of discretion is shown here. Moreover, the appellant did not exercise all of his peremptory challenges to jurors chosen. We have held that an appellant, in order to prevail

on this issue on appeal, must demonstrate that he was forced to accept a juror against his wishes after exhaustion of all peremptory challenges. *See Gardner v. State.*

The fourth assertion of error is directed to the admission of certain evidence as an "adoptive admission". Arkansas Rules of Evidence Rule 801(d)(2)(ii) provides that a statement is not hearsay if it is an admission by a party-opponent and is "a statement of which he has manifested his adoption or belief in its truth."

Stated another way, the admissibility is tested by whether a reasonable person, under the circumstances, would have been expected to deny the statements if they were in fact untrue.

Dale Burkhart testified that when he met his brother and the appellant at the Ozark, Alabama, bus station, Kevin Burkhart said that they needed to go somewhere to talk. The three then drove to an all-night truck stop/restaurant. They sat in a booth with the Burkharts facing each other and the appellant sitting next to Kevin Burkhart. Kevin then told his brother all of the details of the crime, including even a description of the sensation of the victim's bones crushing under the blows. At one point, both Kevin Burkhart and the appellant showed Dale Burkhart the cuts or scars on their hands resulting from the beating of the victims. Although the appellant apparently never spoke during Kevin Burkhart's account of the beatings and robbery, neither did he deny his participation in the crimes.

The appellant contends that it must be conclusively shown that he heard the statements of Kevin Burkhart before he can be deemed to have adopted the admission. Though it appears that we have never directly ruled on this point, we adopt the interpretation reached under the identical federal rule. A trial court must find that sufficient foundational facts have been introduced so that the jury can reasonably infer that the accused heard and understood the statement and the statement was such that, under the circumstances, if the accused did not concur in the statement he would normally respond. Once such a foundation has been established, the question is left to the jury to determine whether the accused acquiesced in the statement. *United States v. Fortes,* 619 F.2d 108 (1st Cir. 1980); *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1976), *cert. denied,* 423 U.S. 1049 (1976).

We find no error in the admissibility ruling by the trial court.

The fifth point for reversal deals with the jury voir dire. The appellant contends that voir dire was held in chambers in violation of his constitutionally-guaranteed right to a public trial.

The appellant's contention in this regard is wholly without merit. Indeed, differing minds might construe the entire argument as an attempt to mislead this court.

The original record indicates that voir dire was conducted in the "law library" (not in the judge's chambers as stated by the appellant). Because the record was not clear as to whether the "law library" was a part of the judge's chambers and did not indicate whether the proceeding was open to the press and public, the state moved to "settle the record" pursuant to the provisions of Ark. R. App. P. 6(d). The motion was granted, and, upon the hearing, it was clearly established that the voir dire had been conducted in the law library, which is not a part of the judge's chambers, in order to expedite the selection and to ensure that individual questioning would not taint or influence other panel members. The evidence at the hearing conclusively established that neither the press nor the public was excluded from the proceedings. Furthermore, counsel for the appellant offered no evidence at the hearing and made no objection to the evidence adduced by the state.

The sixth and last point for reversal asserted by the appellant is a claim that he was unduly surprised by the testimony of the witness from the State Crime Lab and that the court erred in admitting that testimony over the objections of the appellant.

Pursuant to a discovery request, the prosecuting attorney opened his file to counsel for the appellant and furnished as a potential witness the name of a representative from the Arkansas State Crime Lab, together with a report on trace evidence.

The evidence at trial indicated that the imprint of a shoe sole was found on the throat area of Mrs. Magnus, as well as an imprint on the back of Mr. Magnus's white shirt. When testifying, the witness from the crime lab stated that, in analyzing the shoe patterns, he found that the prints came from different shoes. The appellant objected to this evidence because he had not received any information that the imprints were from different

shoes. The witness testified that he had made no written report concerning the shoe prints because his efforts to match the prints with the shoes furnished for comparison proved inconclusive. Though request had been made, no written report had been furnished to the state. The prosecuting attorney learned only the day of the trial that the witness would testify that the prints came from different shoes.

The appellant moved to exclude the evidence, and the motion was overruled. We find that no prejudice was shown to result from the admission of this evidence. To the contrary, the evidence that both the appellant and Burkhart participated in the crimes was, as a whole, overwhelming. Further, the state had given to the defendants, in response to discovery requests, all of the information it had acquired up to the day of trial. Though the failure to inform the defense of the new evidence prior to the calling of the witness may be a violation of the discovery rules, this court has noted that a defendant in a criminal case cannot rely wholly upon discovery as a substitute for his own investigation. *Renton* v. *State*, 274 Ark. 87, 622 S.W.2d 171 (1981). The name of the witness was furnished to the appellant; counsel for the appellant could have interviewed him prior to his testifying. Nevertheless, the exclusion of such evidence is not mandatory, *Brenneman* v. *State*, 264 Ark. 460, 573 S.W.2d 47 (1978), and it is encumbent upon the appellant to actually demonstrate prejudice from a discovery violation. *See Gruzen* v. *State*, 276 Ark. 149, 634 S.W.2d 92 (1982). No such prejudice is apparent in this instance.

Pursuant to Arkansas Supreme Court Rule 11(f), we have reviewed the entire record and find no prejudicial error warranting reversal.

Affirmed.