Loyd Ray WHITE *v*. STATE of Arkansas

CR 90-15                                          792 S.W.2d 867

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*Steve R. Davis*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

DAVID NEWBERN, Justice. Loyd Ray White appeals his conviction of rape and kidnapping for which he was sentenced, as an habitual offender, to life imprisonment and 40 years imprisonment to run consecutively. We disagree with his contention that the evidence was insufficient to support the conviction and with his argument that the victim should not have been allowed to state his "conclusion" that White was the person who raped him. The conviction is affirmed.

The victim, aged 14 at the time the offense occurred, lived with his parents near the Youth Services Center at Alexander. He testified he was fishing alone at a pond on the center's grounds when a person he identified as White rode up to him four times on a "four-wheeler" vehicle. White spoke to the victim and, among other conversational items, told him he was waiting in the area for a girl with whom he, White, intended to engage in sexual intercourse.

As the victim was leaving the pond area for home, he was accosted by a person with a gun dressed from head to toe in winter clothing, including a ski mask and colored glasses. The victim was asked for his money, of which he had none, and then was taken to a nearby shed where, at gunpoint, he was forced to engage in anal intercourse and fellatio.

The victim first identified White at a police photo-lineup as the person who had approached him on the four-wheeler. At the trial the victim testified that he could not identify White by sight as the person who had raped him because the victim could not see the face of his attacker but that he was positive it was White because the person who raped him had used the same scatological language in the same way, and the voice was the same. The victim

also mentioned that the rapist asked him repeatedly if he knew the person on the four-wheeler or could identify him.

White admitted riding his four-wheeler on the grounds of the youth center on the afternoon in question but testified he was only there between 4:00 and 4:35 p.m. The victim testified it was later in the afternoon, 5:35 or 5:45 at the latest that he arrived at the pond and after which he was repeatedly approached by White. Other witnesses testified to having seen White riding on the grounds between 5:00 and 6:00 p.m.

White contends the victim's identification testimony was equivocal and thus not sufficient, especially when combined with the lack of forensic evidence against him. He also contends that, because the victim couched his identification in terms of it being the victim's "conclusion" that his rapist was White, the evidence should not have been admitted.

## 1. Sufficiency of the evidence

■ We view the evidence most favorably to the appellee, and the identification testimony of a rape victim is sufficient to support a conviction. *Maulding* v. *State*, 296 Ark. 328, 757 S.W.2d 916 (1988). Scientific evidence is not required. *Cope* v. *State*, 292 Ark. 391, 730 S.W.2d 242 (1987).

At some points in his testimony the victim said he did not know who the man in the mask was, but he had reached the conclusion, based on the scatological language used by the masked man that he was the same person as the one on the four-wheeler; the man who raped him had the "same kind of mind" as the man on the four-wheeler.

White argues the victim's voice identification was equivocal and thus not sufficient to support the conviction, but we note this portion of the victim's testimony: "It is the guy on the four-wheeler, Loyd, Loyd Ray White. I'm referring to the Defendant. That's the man who held me at gunpoint and raped me, that's what I think. I do not really have any doubts about that."

■ We regard the voice identification as sufficient. Any inconsistencies there may have been in the victim's testimony were for the jury to resolve. *Cope* v. *State, supra.*

## 2. Admissibility

At one point in his testimony on direct examination, the victim was asked if, while examining the area where the rape occurred with a police officer, he had seen any tracks. He responded that he had showed the officer where the four-wheeler tracks were but that there were no footprints. He concluded: "Just stuff that this builds up and comes back to the guy on the four-wheeler." Defense counsel objected that the answer was a conclusion and was not responsive to the question. The objection was sustained.

Shortly thereafter, the victim was asked why he thought the masked man who raped him was the same person as White, whom he had recognized as the person on the vehicle. His response was: "He said it enough times [apparently referring to the scatological terminology], I know how it sounded and the way that guy with the mask said it, it sounded just like him. It sounded familiar." The next question was, "When did you come to that conclusion?" The victim answered, "When he was in behind me." Defense counsel objected on the ground that the witness was "stating conclusions." The objection was overruled.

The argument here is that the court erred in allowing the victim to state his opinion. The argument equates "conclusion" with "opinion," and the only authority cited is Ark. R. Evid. 701 which permits a non-expert witness to testify as to an opinion if it is rationally based on his perception and helpful to a "clear understanding of his testimony or the determination of a fact in issue."

We need not quibble about whether a conclusion and an opinion are the same, for even if we characterized the testimony as the expression of an opinion we would have to say it was rationally based on the victim's perception and helpful to determination of a fact in issue. We do not reverse a trial court's evidentiary rulings unless a clear abuse of discretion is shown. *Clifton* v. *State*, 289 Ark. 63, 709 S.W.2d 63 (1986). No abuse has been shown.

## 3. Rule 11(f)

There is no indication in the brief filed for White that all objections decided adversely to him have been abstracted. There

is no indication in the brief filed for the state that the attorney general has made certain that all objections have been abstracted or has briefed other points which appear to have merit in addition to those argued by White. Both parties have thus failed to comply with Rule 11(f) of the Rules of the Arkansas Supreme Court and Court of Appeals applicable to cases in which the sentence is to life imprisonment.

Rather than incur the delay which would be involved if we asked for rebriefing, we have thoroughly examined the record and assured ourselves that no meritorious argument could be made with respect to the objections made on White's behalf in which the rulings were adverse to him and that there were no trial errors prejudicial to White requiring reversal.

Affirmed.