Ollie SWEAT *v.* STATE of Arkansas

CR 91-168                                         820 S.W.2d 459

Supreme Court of Arkansas
Opinion delivered December 16, 1991

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y
Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals from her conviction of six counts of sale or delivery of cocaine.[1] She was sentenced to thirty years in the Arkansas Department of Correction for each count, with the ninety years for the first three counts to be served concurrently with the ninety years for the other three counts. Appellant was also fined $150,000.00. In her appeal, the appellant argues two points of error. We find no reversible error; therefore, we affirm.

Appellant Ollie Sweat was one of the 101 people arrested as part of an undercover drug operation in Craighead County. At trial, Roger Ahlf, a narcotics investigator with the Arkansas State Police, testified that there were 224 cases or counts made against the 101 defendants. In the present case, he testified in detail about the drug transactions involving the appellant. Ahlf stated that a confidential informant introduced him to the appellant, and Ahlf bought controlled substances from appellant at her residence on seven different occasions.

We first address the appellant's argument that the trial court erred by allowing Officer Ahlf to refer to his investigator notes and reports before answering questions on direct examination. Officer Ahlf testified that he made field notes during the investigation which included the time, the amount and the suspect involved in each transaction. He stated that usually the day after each purchase, he dictated a more detailed report and sent the tapes to Little Rock, where a secretary transcribed them and afterwards returned the transcribed reports to Ahlf.

During direct examination, the state asked Officer Ahlf if the report which contained the details of a particular transaction would be helpful in refreshing his memory. The appellant objected, claiming that Ahlf was looking at the report as he answered the questions. Appellant's specific objection was that Ahlf's testimony was not admissible as a past recollection

---

[1] Appellant was originally charged with eight counts of sale or delivery of a controlled substance. In a separate trial on one count, she was convicted and sentenced to twenty-five years in prison and fined $5,000.00. That conviction was affirmed by the Arkansas Court of Appeals in an unreported opinion in CACR-90-105 on March 27, 1991. A second count was dismissed by the trial court in this case which we mention in addressing appellant's second issue in this appeal.

recorded under A.R.E. Rule 803(5). The trial judge overruled this objection as well as three other similar objections on the basis that the reports helped to refresh Officer Ahlf's memory. Copies of Officer Ahlf's notes and reports were made available to the appellant.

Arkansas Rules of Evidence Rule 612 provides as follows:

> (a) *While Testifying.* If, while testifying, a witnesses uses a writing or object to refresh his memory, an adverse party is entitled to have the writing or object produced at the trial, hearing, or deposition in which the witness is testifying.
>
> (b) *Before Testifying.* If, before testifying, a witness uses a writing or object to refresh his memory for the purpose of testifying and the court in its discretion determines that the interests of justice so require, an adverse party is entitled to have the writing or object produced, if practicable, at the trial, hearing, or deposition in which this witness is testifying.

Under this rule of evidence, writings and objects are used for the limited purpose of refreshing the witness's recollection and not as an independent source of evidence. Even though the witness may occasionally consult the writing, it is his testimony, not the writing, that is the actual evidence in the case. *See* Edward W. Cleary, *McCormick on Evidence*, § 9, at 18 (3d ed. 1984).[2]

█ █ This court has repeatedly held that a witness is allowed to refer to writings before or while testifying. In *Goodwin v. State*, 263 Ark. 856, 568 S.W.2d 3 (1978), an arresting officer used notes prepared from his original notes to refresh his memory before testifying. *See also Smith* v. *State*, 286 Ark. 247, 691 S.W.2d 154 (1985) (where three law enforcement officials used a copy of the defendant's purported confession to refresh their recollection at trial); and *Wilson* v. *State*, 277 Ark. 43, 639 S.W.2d 45 (1982) (where a sheriff used a statement given by the defendant to refresh his memory while testifying).

---

[2] Appellant suggested at trial (as she does on appeal) that Officer Ahlf read his report after each question he was asked. Our reading of the reports, field notes and testimony supports the trial court's ruling that Ahlf only referred to his report to refresh his memory.

McCormick has addressed this issue as follows:

> . . . (T)he statement that a witness once refreshed must speak independently of the writing seems inflexible, and it is believed that the matter is discretionary and that the trial judge may properly permit the witness to consult the memorandum as he speaks, especially where it is so lengthy and detailed that even a fresh memory would be unable to recite all the items unaided.

Cleary, *McCormick on Evidence*, § 9 at 21. Consistent with McCormick's view, our court has held that it will not reverse a trial court's evidentiary ruling unless a clear abuse of discretion is shown. *White* v. *State*, 303 Ark. 30, 792 S.W.2d 867 (1990).

Here, we hold that the trial judge did not abuse his discretion in permitting Ahlf to refer to his reports or notes. As previously mentioned, the record before us reflects that Ahlf participated in a drug operation that involved 101 drug dealers and 224 drug purchases. Understandably, Officer Ahlf was unable to remember the details of each purchase without the aid of his notes. Because Ahlf's testimony was proper under Rule 612, we need not address its admissibility as recorded recollection under A.R.E. Rule 803(5).

Next, appellant argues that the trial court erred by refusing to strike testimony concerning the sale of cocaine on December 6, 1988, at 9:35 p.m., when the appellant was actually charged with having sold and delivered methamphetamine on that date. This argument has no merit.

At trial, appellant raised this issue by moving to direct a verdict on this methamphetamine count, and the trial court granted appellant's motion, dismissing the charge. Thus, the appellant was given all the relief she requested, and has no basis upon which to raise this issue on appeal. *Mitchell* v. *State*, 281 Ark. 112, 661 S.W.2d 390 (1983). In sum, one cannot complain about a favorable ruling granting all relief requested. *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990). Furthermore, appellant has failed to demonstrate any prejudice as a result of

the trial court's ruling.

For the reasons stated above, we affirm.