Roland Bruce HEINZE *v.* STATE of Arkansas

CR 91-215                                              827 S.W.2d 658

Supreme Court of Arkansas
Opinion delivered April 13, 1992

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals from his conviction of first degree murder and sentence of life imprisonment. He raises three issues in his appeal questioning the trial judge's ruling excusing a juror and the judge's evidentiary rulings excluding evidence concerning the victim's prior acts of violence and other wrongs. We find no merit in appellant's arguments, and therefore affirm.

·Since sufficiency of the evidence is not at issue in this appeal, we need only briefly set out the facts. On January 2, 1991, appellant, Alan Taylor and Rusty Nettles were at Brenda Hefferman's residence. Appellant insisted on riding with Alan

Taylor to take Rusty Nettles to his home fifteen miles away. Alan Taylor testified that Nettles did not want the appellant to go, because he did not want the appellant to know where he lived. Nettles sat in front with Taylor, and the appellant got into the back seat of the vehicle. As they were driving towards Nettles' house, Taylor testified he heard a gunshot and Nettles slumped forward in his seat and then over towards Taylor. After driving an additional fifty yards, Taylor heard another shot, and felt something in his back. After shooting Taylor, appellant announced that he could not leave any witnesses. Taylor testified that he stopped the vehicle and persuaded the appellant not to kill him. The appellant threw Nettles out of the vehicle and shot him again. Appellant and Taylor then drove back to Ms. Hefferman's residence, where they cleaned the blood out of the vehicle.

After his arrest, the appellant made a statement to the police that he did not like the way Nettles treated Ms. Hefferman and that she had tried to get rid of Nettles but that he would not stay away. Officer Loe testified that the appellant told him that he took the gun from Ms. Hefferman's and concealed it. In his statement to the police, the appellant stated that he knew that he was going to shoot Nettles when he got into the back seat of the car. When the appellant testified at the trial, he denied making this statement. Instead, he testified that he was intoxicated and that he just lost it when he thought of how Nettles treated Ms. Hefferman. Appellant testified that he shot the victim the second time to put him out of his misery.

For his first point on appeal, the appellant argues that the trial court erred in excusing a juror during the trial when it was discovered that the juror was not a registered voter and seating an alternate juror, Mrs. Ward, in his place. The quick answer to this issue is that the appellant has not shown how he was prejudiced by the seating of the alternate juror. This court has repeatedly held that an appellant must show prejudice, because we will not reverse for harmless error. *See, e.g., Sutherland* v. *State,* 292 Ark. 103, 728 S.W.2d 496 (1987). In addition, it is the appellant's duty to provide a complete record from which this court can determine asserted error. *Shankle* v. *State,* 309 Ark. 40, 827 S.W.2d 642 (1992). The appellant's attorney requested that the jury voir dire be excluded from the record, so this court cannot determine if there was any reason seating the alternate

juror on the jury would have prejudiced the appellant. In fact, from what is before this court, the opposite appears to be true. The trial judge, in making his ruling, pointed out that the appellant had used one of his peremptory strikes to dismiss the first alternate seated, leaving Mrs. Ward as the remaining first alternate.

In the appellant's second and third issues, he argues that the trial court erred in excluding evidence of the victim's character under A.R.E. Rules 404 and 405. Under Rule 404(a)(2), evidence of a pertinent trait of character of the victim of the crime offered by an accused is admissible. During the trial, the following evidence about Nettles was admitted into evidence. Officer Morgan testified that he knew the victim because he had been to Brenda Hefferman's residence on three or four occasions on disturbances, and had served a warrant on him for a hit and run charge. The appellant was allowed to testify that he thought that Nettles would resort to violence and that he got the gun that night to defend himself. In addition, Officer Loe testified that the victim had a knife on his person when he was found. The appellant also testified that he knew that the victim was carrying a knife that night because he had seen him playing with it earlier. Thus, pursuant to Rule 404(a)(2), the appellant was able to get into evidence that the victim may have had a violent character and was carrying a knife on the night in question.

At trial, the appellant was not allowed to testify or have Officer Morgan testify about specific prior acts of violence or other wrongs committed by the victim. Evidence of other crimes, wrongs, or acts are admissible under Rule 404(b) for proof of motive, opportunity, intent, preparation, knowledge, identity, or absence of mistake or accident. Specific instances of conduct are only admissible under Rule 405(b) when the character or a trait of character of a person is an essential element of a charge, claim, or defense. The trial judge sustained the state's relevancy objections, and the appellant argues that this evidence was admissible under Rules 404(b) and 405(b). We do not agree.

Specifically, the appellant argues that this evidence was relevant to prove his self-defense theory. Deadly physical force is justified as self-defense only if the use of such force cannot be avoided as by retreating. Ark. Code Ann. § 5-2-607 (1987). This

court has held that a condition precedent to a plea of self-defense is an assault upon the defendant "of such a character that it is with murderous intent, or places the defendant in fear of his life, or great bodily harm." *Girtman* v. *State*, 285 Ark. 13, 684 S.W.2d 806 (1985).

As shown by the facts set out here and above, self-defense is clearly not applicable in this case. Appellant insisted on riding with Taylor to take the victim home, and purposely got into the back seat with a gun. Then without any altercation, appellant shot Nettles in the back and then again after he dragged Nettles' body out of the vehicle. Clearly, the trial judge did not abuse his discretion in excluding the evidence of the victim's prior acts of violence. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988). In sum, Rules 404(b) and 405(b) are not applicable under the facts of this case.

In accordance with Ark. Sup. Ct. R. 11(f), the record of the proceedings has been examined, and the court has determined that there are no rulings adverse to the appellant which resulted in prejudicial error. For the reasons stated above, we affirm the appellant's conviction.