Sharlene WILSON *v.* STATE of Arkansas

CR 94-160                                          878 S.W.2d 755

Supreme Court of Arkansas
Opinion delivered July 11, 1994

*John Wesley Hall, Jr., P.C.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Sharlene Wilson was tried and convicted of possession of marijuana, delivery of marijuana, delivery of methamphetamine, and possession of drug paraphernalia. The jury sentenced her to a total of thirty-one years imprisonment in the Arkansas Department of Correction and one year imprisonment in the Hot Spring County Jail. She was fined a total of $11,000. On appeal Ms. Wilson charges the trial court with two errors: (1) denying her motion to dismiss based upon outrageous police conduct and (2) denying her motion to suppress the fruits of the search of her residence. Finding no error, we affirm the judgment of conviction.

Ms. Wilson was incarcerated in the Malvern City Jail awaiting trial. She was represented by counsel at the time. Officers with the Seventh Judicial District Drug Task Force wired an infor-

mant and sent her into the appellant's cell. After a brief conversation with the informant, Ms. Wilson discovered the transmitter. At no time did Ms. Wilson incriminate herself or supply any information pertinent to her case.

Officer Roger Walls testified he had information that Bryson Jacobs, who had been living with Ms. Wilson, was planning an escape from the Hot Spring County Jail. According to Walls's testimony, the informant was sent into the cell to uncover the plans for escape. However, other officers testified to a dual purpose in the use of the informant: to obtain information which could be used against Ms. Wilson and to obtain information regarding the escape.

The appellant moved to dismiss the charges against her based upon a Sixth Amendment violation. Ms. Wilson contends the outrageous conduct of the officers warranted the extreme remedy of dismissal of the charges. Because we find that no prejudice occurred, we will assume, arguendo, that the Sixth Amendment was violated under the circumstances of this case.

■ In *United States* v. *Morrison*, 449 U.S. 361 (1981), the United States Supreme Court held that *"absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the [Sixth Amendment] violation may have been deliberate."* (Emphasis supplied.) Factually, Ms. Morrison had retained counsel to represent her in the pending criminal proceedings. Thereafter, two agents of the Drug Enforcement Agency, aware that she had been indicted and had retained counsel, sought to obtain her cooperation in a related investigation. They met with her without the knowledge or permission of her counsel. The agents told her it would be to her advantage if she cooperated but she would face a stiff jail term if she did not. At no time did Ms. Morrison incriminate herself or supply any information pertinent to her case. Ms. Morrison moved to dismiss the indictment. In determining that dismissal of the indictment was not appropriate, the Court noted:

> [W]hen before trial but after the institution of adversary proceedings, the prosecution has improperly obtained incriminating information from the defendant in the absence of his counsel, the remedy characteristically imposed is

not to dismiss the indictment but to suppress the evidence or to order a new trial if the evidence has been wrongfully admitted and the defendant convicted. In addition, certain violations of the right to counsel may be disregarded as harmless error. [Citations omitted.]

Similarly, in *Massiah* v. *United States*, 377 U.S. 201 (1964), the Court held that where a Sixth Amendment violation has occurred the defendant's own incriminating statements could not constitutionally be used by the prosecution as evidence against him at his trial. Once again, Mr. Massiah had retained counsel. While he was free on bail a federal agent succeeded by surreptitious means in listening to incriminating statements made by him. At Mr. Massiah's trial these incriminating statements were brought before the jury. The Court held that Mr. Massiah was denied the basic protections guaranteed by the Sixth Amendment when such evidence was used against him at his trial.

Ms. Wilson acknowledges the holdings in *Morrison* and *Massiah*; however, she submits we should reverse and dismiss under Ark. Const. Art. 2, § 8 and § 10. We find the cited provisions of the Arkansas Constitution do not provide for such relief. Further, the appellant fails to allege she suffered any prejudice as a result of the surreptitious actions. We have repeatedly held that an appellant must show prejudice, because this Court will not reverse for harmless error. *Heinze* v. *State*, 309 Ark. 162, 827 S.W.2d 658 (1992).

It is troubling to find in this record a clear implication that public officials charged with enforcement of law would, in concert pursue a course calculated to circumvent fundamental provisions thereof. Not the least of our concerns is the fact that had the plan succeeded, the prosecution of these offenses would have been seriously jeopardized.

Turning to the second point, officers with the Saline County Sheriff's Office and the Seventh Judicial District Drug Task Force executed a search warrant at the home of the appellant. Officer Henry Efird's affidavit in support of the warrant recited that a confidential informant had made purchases of marijuana and methamphetamine from the appellant at the residence. Further, Officer

Efird observed Ms. Wilson leave her residence and proceed to a meeting with the informant. At that time, the officer observed a transaction between Ms. Wilson and the informant.

During the search of Ms. Wilson's home, the officers discovered an amount of marijuana, an amount of methamphetamine, and drug paraphernalia. The appellant moved to suppress the evidence seized in the search on the ground that the affidavit contained omissions of fact which were material to the finding of probable cause and on the ground that the officers failed to "knock and announce."

At the suppression hearing, Ms. Wilson contended three exculpatory items were omitted from the affidavit. First, the affidavit failed to disclose that the informant and her husband had been arrested and that she had agreed to cooperate in order to help herself and her husband. Second, the affidavit failed to disclose that Ms. Wilson declined to sell drugs to the informant on prior occasions. Third, the affidavit failed to disclose that when a buy allegedly occurred, the drugs did not come directly from Ms. Wilson's home. Ms. Wilson contends that had these omissions been included in the affidavit it would have undermined the informant's credibility to the point that probable cause would be lacking. The trial court denied Ms. Wilson's motion to suppress the evidence.

■■ In reviewing a trial court's ruling on a motion to suppress, we consider the totality of the circumstances to determine if the trial court's decision was clearly against the preponderance of the evidence. *Pyle* v. *State*, 314 Ark. 165, 862 S.W.2d 823 (1993). We consider the facts in the light most favorable to the appellee. *Id.* Under *Franks* v. *Delaware*, 438 U.S. 154 (1978), a warrant should be invalidated if a defendant shows by a preponderance of the evidence that: (1) the affidavit contained a false statement which was made knowingly, intentionally, or recklessly by the affiant and (2) the false statement was necessary to a finding of probable cause.

■■ In *Pyle*, supra, we concluded that even with omissions there must be a knowing intent to deceive, or a reckless disregard of truth. Further, we found the omissions must involve material circumstances which contradict or dispel the incrimi-

nating factors in the affidavit. As to the informant's motive for cooperation in the instant case, such an omission simply does not contradict or dispel the incriminating factors in the affidavit. Also, Officer Efird independently corroborated most of the information supplied by the informant which constitutes "particular facts bearing on the informant's reliability." *See* Ark. R. Crim. P. 13.1. Second, we have specifically recognized that the omission of refusals to sell drugs on other occasions does not amount to deception by negation. *Pyle*, supra. Finally, applying the *Pyle* standard, where Ms. Wilson obtained the drugs is immaterial to the incriminating factors in the affidavit.

■ Even if the omissions were material, probable cause is present in the warrant. Officer Efird stated that he followed Ms. Wilson from her house to a meeting with the informant. Officer Efird observed a drug transaction. Thus, the credibility of the informant is not an issue regarding probable cause. Further, as there was probable cause to believe Ms. Wilson possessed drugs at her residence, where she obtained or manufactured the drugs is irrelevant.

As an additional ground for suppression of the fruits of the search, Ms. Wilson submits the officers executing the search failed to knock and announce their identity before entering the residence. The testimony indicated that the officers entered the home while they were identifying themselves. Ms. Wilson relies upon *Miller* v. *United States*, 357 U.S. 301 (1958), as the sole authority for her argument. The appellant contends, based upon *Miller*, that the Fourth Amendment requires officers to knock and announce prior to entering the residence. However, *Miller* involved a statute, 18 U.S.C. § 3109, which specified that a law enforcement officer, executing a search warrant, may break open a door only if, "after notice of his authority and purpose," he is denied admittance. The Fourth Amendment was not mentioned.

■ There is no authority for Ms. Wilson's theory that the knock and announce principle is required by the Fourth Amendment. Furthermore, Ark. R. Crim. P. 13.3 outlines the procedure to be followed in the execution of a search warrant, and provides in part:

(e) The executing officer, and other officers accompany-

ing and assisting him, may use such degree of force, short of deadly force, against persons, or to effect entry or to open containers as is reasonably necessary for the successful execution of the search warrant with all practicable safety.

Rule 13.3 does not contain a "knock and announce" rule. *See also Dodson* v. *State*, 4 Ark. App. 1, 626 S.W.2d 624 (1982) (Glaze, J., concurring), *cert. denied*, 457 U.S. 1136 (1982).

In sum, we find no error and affirm the judgment of conviction.