Nelson WATSON, Jr. *v.* STATE of Arkansas

CR 94-267                                                887 S.W.2d 518

Supreme Court of Arkansas
Opinion delivered November 14, 1994

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Nelson Watson Jr. was charged with five counts of delivery of crack cocaine to an undercover agent during March and April, 1993, one count of maintaining a residence where controlled substances were stored and distributed, and one count of possession of a controlled substance. Watson was tried and convicted on all counts and, as an habitual offender, sentenced to life sentences on the six counts of possession and twelve years for maintaining a residence for purposes of distribution. Four of the life sentences were imposed to run concurrently.

On appeal Watson assigns three errors to the trial court: limiting his right to cross-examine a witness for the state; dismissing his Batson challenge to the state's use of peremptory strikes; and admitting evidence of prior bad acts in violation of A.R.E. Rule 404(b). We find no reversible error in the rulings of the trial court.

Vicki Hendricks testified that she and her sister owned a house in Magnolia; that Nelson Watson began coming there in March, 1993, when they began a relationship. Watson would provide her with crack cocaine to which she was addicted. Watson also supplied cocaine which she sold to others, including an undercover police officer. Ordinarily she would act as go-between but sometimes Watson would sell directly. Sometimes the purchase would be in money, at other times in articles, including stolen goods. She estimated that during March and April Watson came to her house around fifty times. On April 30 Ms. Hendricks was arrested and charged with five counts of possession with intent to deliver and with maintaining a residence for the distribution of drugs. She testified that she entered into a negotiated plea, the terms of which included her agreement to testify truthfully at Watson's trial. The length of the sentence imposed under her plea agreement was not disclosed to the jury but appellant's brief asserts that it was ten years.

I

*Cross Examination of Vicki Hendricks*

During voir dire, counsel for appellant asked the panel if they thought Watson and Vicki Hendricks should be treated equally. The state argued her sentence was irrelevant and the trial court agreed. In chambers counsel advised the trial court that he intended in opening statement to tell the jury Ms. Hendricks had received only ten years imprisonment for her part in this enterprise, yet the state proposed to punish Nelson Watson much more severely. The trial court directed counsel to refrain from stating what sentence she had received. At that point, counsel argued that he should be permitted to cross-examine Hendricks about her sentence in order to show bias, but again the purpose was to convince the jury that Watson's sentence should not be greater than Vicki Hendricks's. After some discussion the trial court ruled that there would be no restrictions on cross-examination except for the length of the sentence imposed on Ms. Hendricks.

On appeal, Watson cites a medley of cases attesting to the right of a defendant to show by cross-examination anything bearing on the possible bias of a material witness. *Billett v. State*, 317 Ark. 346, 877 S.W.2d 913 (1994); *Henderson* v.

*State*, 279 Ark. 435, 652 S.W.2d 16 (1983); *Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202 (1976); *Davis* v. *Alaska*, 415 U.S. 308 (1974). In the latter case the importance of cross-examination was succinctly highlighted by the Supreme Court:

> Denial of cross-examination to show the possible bias or prejudice of a witness may constitute constitutional error of the first magnitude as violating the Sixth Amendment right of confrontation.

■■ We have also held that the punishment of one accused is not admissible to prove what the punishment of another should be. *Robinson* v. *State*, 278 Ark. 516, 648 S.W.2d 444 (1983). However, we need not decide whether the sentence of Ms. Hendricks was admissible to show bias because trial error, even involving the confrontation clause, is subject to a harmless error analysis, and we are persuaded that if error occurred, it was harmless beyond a reasonable doubt. *Delaware* v. *Van Ausdall*, 475 U.S. 67 (1986). Factors to be weighed in that determination are the importance of the witness's testimony, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the state's case. Those factors have been held applicable to confrontation clause issues. *Winfrey* v. *State*, 293 Ark. 342, 738 S.W.2d 391 (1987); *Delaware* v. *Van Ausdall*, *supra*.

■ Applying those criteria to this case permits but one conclusion. Seven witnesses testified without serious challenge to numerous drug transactions by the appellant. Contradictions were virtually nonexistent. The defense introduced no testimony or proof except a letter from defense counsel to Watson advising him that in counsel's opinion Watson was facing multiple life sentences and strongly recommending his acceptance of a plea bargain of ten years and a fine proposed by the state, which Watson had rejected. The state then offered a single life sentence and no fine and that, too, was rejected. In open court Watson acknowledged receipt of the letter and rejection of either proposal. Certainly Vicki Hendricks was a material witness for the state, but her testimony was not undermined in any fashion and the strength of the state's case overall was irrefutable. We can say

without hesitancy that if error occurred in this regard it was harmless beyond a reasonable doubt.

## II

### *Batson Challenge*

After the jury was seated and sworn in, appellant raised an objection under *Batson* v. *Kentucky*, 476 U.S. 79 (1986), to the state's use of peremptory challenges against three prospective jurors: Melinda Colvin, Robert Henderson and Willie Jones.[1] Before the trial court could rule on the objection, the state offered explanations which the trial court found to be racially neutral. On appeal, appellant withdraws any objection to the removal of Colvin and Henderson, but questions the explanation for the removal of Jones.

We note that three African-American jurors were seated and that the state still had unused peremptory challenges. As to venireman Jones, he admitted he knew Nelson Watson, that they had worked together at Can-Tex, and that he considered him a friend. Asked if Watson was still a friend, he answered, "Right." The trial court accepted that as a racially neutral explanation for the state's election to excuse Mr. Jones and we fully concur. *See Pacee* v. *State*, 306 Ark. 563, 816 S.W.2d 856 (1991).

## III

### *A.R.E. Rule 404(b)*

During the testimony of a witness for the state, Ms. Jeanette Standoak, the state offered as an exhibit a payroll check payable to Ms. Standoak which the appellant was believed to have cashed in exchange for cocaine. Appellant objected on the ground that the cocaine itself was not also offered in evidence. On appeal, appellant argues that the check was endorsed between February 18 and 23, 1993, whereas the five drug transactions of the information allegedly occurred in March and April. On that basis appellant argues the transaction involving the payroll check, if it occurred, would be inadmissible under A.R.E. rule 404(b), as proof of other crimes or bad acts. Appellant did not make that

---

[1] As to the timeliness of the challenge *see Pacee* v. *State*, 306 Ark. 563, 816 S.W.2d 856 (1991); *Stanley* v. *State*, 313 MD. 50, 542 A.2d 1267 (1988).

objection below and may not change on appeal the basis for an objection advanced in the trial court. *Whitson* v. *State*, 314 Ark. 458, 863 S.W.2d 794 (1993).

Affirmed.