Robert Wayne GATLIN *v.* STATE of Arkansas

CR 94-1187                                          895 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered March 27, 1995

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Robert Wayne Gatlin, appeals an order of the Hot Spring County Circuit Court convicting him of the rape of his nine-year-old daughter and sentencing him to forty years in the Arkansas Department of Correction. Appellant raises two points for reversal of the judgment. We find no error and affirm.

First, appellant argues the trial court erred in denying his motion for directed verdict. Appellant timely moved for a directed verdict on the specific ground that the state had not produced any evidence of penetration. On appeal, appellant acknowledges that the victim testified he put his penis inside her body, but argues this is insufficient evidence for the jury to determine that penetration occurred. Appellant argues there was no medical evidence presented to indicate penetration of the victim occurred, nor was there any testimony by any witness, save the victim, that penetration occurred. This argument is wholly without merit and patently contrary to the law.

On appeal from the denial of a motion for directed verdict, we view the evidence in the light most favorable to the party against whom the verdict is sought and affirm if there is substantial evidence to support the verdict. *Clark* v. *State*, 315 Ark. 602, 870 S.W.2d 372 (1994). Substantial evidence is evidence of a sufficient force and character to compel a conclusion one way or another, forcing the mind to pass beyond suspicion or conjecture. *Id.*

This court has consistently held that a victim's testimony may constitute substantial evidence to sustain a conviction of rape. *See, e.g., Franklin* v. *State*, 308 Ark. 539, 825 S.W.2d 263 (1992); *Prater* v. *State*, 307 Ark. 180, 820 S.W.2d 429 (1991).

This is true even when the rape victim is a child. *Caldwell* v. *State*, 319 Ark. 243, 891 S.W.2d 42 (1995) (citing *Winfrey* v. *State*, 293 Ark. 342, 738 S.W.2d 391 (1987)). More particularly, this court has stated that the testimony of the victim which shows penetration is enough for conviction. *Clark*, 315 Ark. 602, 870 S.W.2d 372. In addition, this court has consistently held that the rape victim's testimony need not be corroborated, *Winfrey*, 293 Ark. 342, 738 S.W.2d 391, nor is scientific evidence required. *White* v. *State*, 303 Ark. 30, 792 S.W.2d 867 (1990).

Section 5-14-103 of the Arkansas Code Annotated of 1987 defines rape as follows: "(a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person[.] . . . (3) Who is less than fourteen (14) years of age." Section 5-14-101(9) defines "sexual intercourse" as meaning "penetration, however slight, of a vagina by a penis[.]" Section 5-14-101(1) defines "deviate sexual activity" as involving, *inter alia*, "[t]he penetration, however slight, of the anus or mouth of one person by the penis of another person[.]"

In the present case, there is substantial evidence that appellant penetrated the victim's vagina or anus or both with his penis. Indeed, as appellant acknowledges in his brief, the nine-year-old victim testified that her father, appellant, put his penis inside her body. After identifying the penis of a stuffed rabbit, the victim stated that appellant had placed his penis inside her and moved it up and down. The victim testified that appellant put his penis both inside and outside her body, that when he put his penis on the inside of her body it hurt and made her cry, and that appellant told her not to tell anybody. She stated further that appellant "put his penis in my bottom" and "hurt me real bad." She stated that he "touched her in a bad way" a lot of times, sometimes in her bedroom, in her brother's bedroom, or in the living room.

The foregoing testimony by the child victim is substantial evidence of penetration. It is sufficient, standing alone, absent any corroboration, to sustain appellant's conviction for rape. *Fox* v. *State*, 314 Ark. 523, 863 S.W.2d 568 (1993), *cert. denied*, 114 S. Ct. 1316 (1994). The state correctly points out that corroboration of the victim's testimony exists in this case. We need not discuss it, however, as corroboration is not required.

The trial court did not err in refusing to direct a verdict for appellant.

As his second point for reversal, appellant argues the trial court erred in admitting hearsay testimonies of the victim's grandmother and appellant's mother, Wanda Jean Lightner, and of the victim's step-grandfather and appellant's stepfather, David Lightner. The Lightners both testified that, on the morning after the Lightners witnessed appellant climbing out of the top bunk where the victim lay sleeping, the victim told them, while appellant was present, that appellant "put his pee pee in her pee pee." The Lightners both testified that appellant responded to the victim's statement by saying, "Mother, do you know what you are doing to me?" The trial court admitted the foregoing testimony after ruling *in camera* that anything that was said in front of appellant was admissible.

On appeal, appellant contends the testimonies were inadmissible hearsay. The state responds that the testimonies were admissible as an adoptive admission pursuant to A.R.E. Rule 801(d)(2)(ii). Appellant acknowledges that Arkansas law allows an adoptive admission, citing Ralph Barnhart, *Statements Made Out of Court*, 15 Ark. L. Rev. 125 (1960-61), but contends the trial court's ruling is based on a peculiar rule in Arkansas that "does not exist in any books."

Rule 801(d)(2)(ii) of the Arkansas Rules of Evidence states that a statement is not hearsay if it is offered against a party and is a statement of which the party has manifested his adoption or belief in its truth. This court has previously stated that, before admitting evidence as an adoptive admission pursuant to Rule 801(d)(2)(ii), a trial court must find that sufficient foundational facts have been introduced so that the jury can reasonably infer that the party-opponent heard and understood the statement, and that, under the circumstances, the statement was such that, if the party-opponent did not believe the statement to be true, the party-opponent would normally respond. *Morris* v. *State*, 302 Ark. 532, 792 S.W.2d 288 (1990). Once a foundation has been laid, it is for the jury to determine whether the party-opponent adopted or acquiesced in the statement. *Id.*

In the present case, the testimony indicates appellant was present when the victim's out-of-court statement was made.

However, the trial court erred in ending its analysis at that point. Before admitting testimony as an adoptive admission, a trial court must find that the requisite foundational facts have been introduced. *Morris*, 302 Ark. 532, 792 S.W.2d 288. Here, the state failed to produce foundational facts showing that appellant's response to the victim's statement manifested his acquiescence thereto. In our view, "Mother, do you know what you are doing to me?" does not indicate appellant adopted the victim's statement as his own or that he believed in its truth. Therefore, the trial court erred in admitting the Lightners' hearsay testimonies.

■ Alternatively, the state contends that the error in admitting the hearsay was not prejudicial and therefore harmless. This court does not presume prejudice when error is alleged. *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985). Rather, it is appellant's burden to produce a record that demonstrates prejudice occurred. *Id.* This court has repeatedly held that an appellant must show prejudice because we do not reverse for harmless error. *Wilson v. State*, 317 Ark. 548, 878 S.W.2d 755 (1994).

■ Appellant objected to the Lightners' testimonies on the basis of hearsay. On appeal, he makes a general citation to Rule 802 of the Arkansas Rules of Evidence and contends the testimonies were clearly hearsay and used only to bolster and reinforce the victim's statements. Trial error, even involving the Confrontation Clause, is subject to a harmless error analysis. *Watson v. State*, 318 Ark. 603, 887 S.W.2d 518 (1994) (citing *Delaware v. Van Arsdall*, 475 U.S. 673 (1986) and *Winfrey v. State*, 293 Ark. 342, 738 S.W.2d 391 (1987)). However, appellant did not raise any constitutional objection, either below or on appeal, and has therefore waived any constitutional argument. *Killcrease v. State*, 310 Ark. 392, 836 S.W.2d 380 (1992). Thus, for purposes of our harmless error analysis, we need not be concerned with the constitutional standard of harmlessness beyond a reasonable doubt. *Greene v. State*, 317 Ark. 350, 878 S.W.2d 384 (1994).

■■ We conclude the error in this case is harmless. As we have determined, the victim's out-of-court statement that her father "put his pee pee in her pee pee," was hearsay erroneously admitted at trial. However, the victim stated on direct examination that appellant had raped her numerous times prior to the

incident that generated the Lightners' hearsay testimonies. Thus, the victim's own testimony evidenced her rape by appellant, independent of her challenged hearsay statement to the Lightners, and thereby provided competent evidence rendering harmless the error caused by admission of the hearsay. *Cloird* v. *State*, 314 Ark. 296, 862 S.W.2d 211 (1993). Moreover, we emphasize that although the hearsay declarant, the victim, testified at trial and was subject to cross-examination by appellant, he chose to forego his opportunity to pursue the issue of statements the victim made to the Lightners. The danger of unreliability inherent in hearsay testimony is alleviated by the opportunity to cross-examine the declarant. *Idaho* v. *Wright*, 497 U.S. 805 (1990). This court has held that the Confrontation Clause is not violated by the admission of additional hearsay statements made by a declarant when that declarant testifies at trial and is subject to cross-examination. *Watson* v. *State*, 308 Ark. 444, 825 S.W.2d 569 (1992). Thus, the availability of the declarant for cross-examination also rendered harmless the error caused by the admission of the hearsay.

In summary, the substance of the challenged testimonies were admitted without error during the victim's direct examination and appellant did not take advantage of the victim's availability for cross-examination on the hearsay statements. Appellant has therefore failed to demonstrate prejudice and the error in admitting the hearsay was harmless.

The judgment of conviction is affirmed.

NEWBERN and ROAF, JJ., concur.

DAVID NEWBERN, Justice, concurring. The majority opinion is correct to a point. I write to express my reservations about the discussion of adoptive admission and harmless error.

The majority opinion recognizes the error in the Trial Court's conclusion that any statement uttered in the presence of the accused is not hearsay. It also seems to recognize that an adoptive admission may occur through the silence of the accused in the face of an accusation to which he should have responded. It then shifts, however, and it seems to base its ultimate conclusion on the statement the accused made to his mother rather than his silence, which Mr. Lightner described as "dumbfounded," after hearing the accusation of his daughter, the victim. The

emphasis here should be on that silence and failure to respond to the accusation.

The majority opinion points out that a statement, such as that uttered by the daughter, and evidence of the accused's silence in the face of that statement become admissible upon the showing of "foundational facts." *Morris* v. *State*, 302 Ark. 532, 792 S.W.2d 288 (1990). The decision to be made by the Trial Court is whether the statement in question is the sort to which a response would be expected if it were not true.

When the hearsay objection was made, the question before the Trial Court was whether Mr. and Mrs. Lightner's statements could be received, not for the truth of the matter asserted by the declarant (their granddaughter), but as a foundation for permitting testimony that the accused did not respond to it.

The ruling of the Trial Court admitting the evidence was correct, although he gave the wrong reason. The statement made by the child was without doubt of the sort to which the accused should have made a response if he considered it untrue. His silence constituted an adoptive admission. I would hold the evidence admissible on that basis.

Mr. Gatlin was on trial for a particular offense of rape to which his daughter's statement and his silence in the face of it were relevant. I would not hold it was harmless error to admit those items of evidence on the basis of the daughter's statement that similar things had occurred on other occasions. Had admission of the daughter's statement and evidence of Mr. Gatlin's silence been error, it would not have been harmless.

ROAF, J., joins in this concurrence.